**EXHIBIT 1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-21964-CMA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

TCA FUND MANAGEMENT GROUP CORP. and
TCA GLOBAL CREDIT FUND GP, LTD.,

Defendants,

and

TCA GLOBAL CREDIT MASTER FUND, LP,
TCA GLOBAL CREDIT FUND, LTD., and
TCA GLOBAL CREDIT FUND, LP,

Relief Defendants.

**CONSENT OF DEFENDANTS TCA FUND MANAGEMENT GROUP CORP. AND
TCA GLOBAL CREDIT FUND GP, LTD. AND
RELIEF DEFENDANTS TCA GLOBAL CREDIT MASTER FUND, LP,
TCA GLOBAL CREDIT FUND, LTD., AND TCA GLOBAL CREDIT FUND, LP**

1. Defendants TCA Fund Management Group Corp. ("TCA") and TCA Global Credit Fund GP, Ltd. (collectively, "Defendants"), and Relief Defendants TCA Global Credit Master Fund, LP, TCA Global Credit Fund, Ltd., and TCA Global Credit Fund, LP (collectively, "Relief Defendants") waive service of a summons and the complaint in this action, enter a general appearance, and admit the Court's jurisdiction over Defendants and Relief Defendants and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendants and Relief Defendants admit), Defendants and and Relief Defendants hereby consent to the entry of the Judgment of Permanent Injunction and Other Relief in the form attached hereto (the "Judgment") and incorporated by reference herein which, among other things,

(a) permanently restrains and enjoins Defendants from violations of Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)], and Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], and as to Defendant TCA only, from violations of Sections 206(1), 206(2), 206(4), and 207 of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1), (2), and (4), and 80b-7] and Rules 206(4)-7 and 206(4)-8 thereunder [17 C.F.R. §§ 275.206(4)-7 and 275.206(4)-8]; and

(b) provides that the Court shall determine at a later date whether to order disgorgement of ill-gotten gains, including prejudgment interest, and/or civil penalties against Defendants and, if so, the amount of disgorgement, prejudgment interest, and civil penalty.

3. Defendants and Relief Defendants agree to the entry of an order appointing a receiver over each of them.

4. Defendants and Relief Defendants stipulate that the Court may determine the Commission's motion to appoint a receiver on the basis of the allegations of the Commission's complaint.

5. Defendants agree that, upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains, prejudgment interest thereon, and/or civil penalties pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], and as to Defendant TCA only, Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9] and, if so, the amounts of the disgorgement and/or civil penalties. Defendants further understand that, if disgorgement is ordered, they shall pay prejudgment interest thereon, calculated from August 13, 2014, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). Defendants further agree that in connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendants will be precluded from arguing that they did not violate the federal securities laws as alleged in the complaint; (b) Defendants may not challenge the validity of this Consent or the Judgment; (c) solely for the purposes of such motion, the allegations of the complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

6. Defendants agree that they shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendants pay pursuant to the Judgment, regardless of whether such penalty amounts or any part thereof are added

to a distribution fund or otherwise used for the benefit of investors. Defendants further agree that they shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendants pay pursuant to the Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

7. Defendants and Relief Defendants waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

8. Defendants and Relief Defendants waive the right, if any, to a jury trial and to appeal from the entry of the Judgment.

9. Defendants and Relief Defendants enter into this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendants and Relief Defendants to enter into this Consent.

10. Defendants and Relief Defendants agree that this Consent shall be incorporated into the Judgment with the same force and effect as if fully set forth therein.

11. Defendants and Relief Defendants will not oppose the enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

12. Defendants and Relief Defendants waive service of the Judgment and agree that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute notice to them of its terms and conditions. Defendants further agree to provide counsel for the Commission, within thirty days after the Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendants TCA and GP, and Relief Defendants have received and read a

copy of the Judgment.

13. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendants and Relief Defendants in this civil proceeding. Other claims remain to be resolved in this case. Defendants and Relief Defendants acknowledge that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendants and Relief Defendants waive any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendants and Relief Defendants further acknowledge that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendants and Relief Defendants understand that they shall not be permitted to contest the factual allegations of the complaint in this action.

14. Defendants and Relief Defendants understand and agree to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies

5

the allegations." As part of Defendants' and Relief Defendants' agreement to comply with the terms of Section 202.5(e), Defendants and Relief Defendants: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendants and Relief Defendants do not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendants and Relief Defendants do not deny the allegations; and (iii) upon the filing of this Consent, Defendants and Relief Defendants hereby withdraw any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendants and Relief Defendants breach this agreement, the Commission may petition the Court to vacate the Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendants' and Relief Defendants': (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

15.     Defendants and Relief Defendants hereby waive any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by them to defend against this action. For these purposes, Defendants and Relief Defendants agree that they are not the prevailing party in this action since the parties have reached a good faith settlement.

16.     Defendants and Relief Defendants agree that the Commission may present the Judgment to the Court for signature and entry without further notice.

17. Defendants and Relief Defendants agree that this Court shall retain jurisdiction over this matter for the purpose of resolving remaining claims and enforcing the terms of this Judgment.

Dated:_____**April 1, 2020**_____          TCA FUND MANAGEMENT GROUP CORP.

By: ___*Alyce Schreiber*_____
    Name: Alyce Schreiber
    Title: Acting CEO

Alyce Schreiber declares under penalty of perjury that the following is true and correct: I am the Acting Chief Executive Officer of TCA Fund Management Group Corp. and I am duly authorized to execute the foregoing Consent on its behalf.

Executed on _____**April 1**__, 2020        ___*Alyce Schreiber*_____
    Alyce Schreiber

Dated:_____          TCA GLOBAL CREDIT FUND GP, LTD.

By: _____
    Name: Bruce Wookey
    Title: Director

By: _____
    Name: Bernard Sumner
    Title: Director

Dated:_____          TCA GLOBAL CREDIT MASTER FUND, LP

By: _____
    Name: Bruce Wookey
    Title: Director

By: _____
    Name: Bernard Sumner
    Title: Director

17. Defendants and Relief Defendants agree that this Court shall retain jurisdiction over this matter for the purpose of resolving remaining claims and enforcing the terms of this Judgment.

Dated:_____    TCA FUND MANAGEMENT GROUP CORP.

By: _____
Name: Alyce Schreiber
Title: Acting CEO

Alyce Schreiber declares under penalty of perjury that the following is true and correct: I am the Acting Chief Executive Officer of TCA Fund Management Group Corp. and I am duly authorized to execute the foregoing Consent on its behalf.

Executed on _____, 2020    _____
Alyce Schreiber

Dated:_____    TCA GLOBAL CREDIT FUND GP, LTD.

By: [signature] _____
Name: Bruce Wookey
Title: Director

By: _____
Name: Bernard Sumner
Title: Director

Dated:_____    TCA GLOBAL CREDIT MASTER FUND, LP

By: [signature] _____
Name: Bruce Wookey
Title: Director

By: _____
Name: Bernard Sumner
Title: Director

7

Dated:_____    TCA GLOBAL CREDIT FUND, LTD

By: _____
Name: Bruce Wookey
Title: Director

By: _____
Name: Bernard Sumner
Title: Director

Dated:_____    TCA GLOBAL CREDIT FUND, LP

By: _____
Name: Bruce Wookey
Title: Director

By: _____
Name: Bernard Sumner
Title: Director

Bruce Wookey and Bernard Sumner declare under penalty of perjury under the laws of the United States of America that the following is true and correct: we are directors of TCA Global Credit Fund GP, Ltd., TCA Global Credit Master Fund, LP, TCA Global Credit Fund, Ltd., and TCA Global Credit Fund, LP and that we are duly authorized to execute the foregoing Consent on their behalf.

Executed on _____, 2020    _____
Bruce Wookey

Executed on _____, 2020    _____
Bernard Sumner

8

17. Defendants and Relief Defendants agree that this Court shall retain jurisdiction over this matter for the purpose of resolving remaining claims and enforcing the terms of this Judgment.

Dated:_____ TCA FUND MANAGEMENT GROUP CORP.

By: _____
Name: Alyce Schreiber
Title: Acting CEO

Alyce Schreiber declares under penalty of perjury that the following is true and correct: I am the Acting Chief Executive Officer of TCA Fund Management Group Corp. and I am duly authorized to execute the foregoing Consent on its behalf.

Executed on _____, 2020

_____
Alyce Schreiber

Dated:_____ TCA GLOBAL CREDIT FUND GP, LTD.

By: _____
Name: Bruce Wookey
Title: Director

By: _____
Name: Bernard Sumner
Title: Director

Dated:_____ TCA GLOBAL CREDIT MASTER FUND, LP

By: _____
Name: Bruce Wookey
Title: Director

By: _____
Name: Bernard Sumner
Title: Director

Dated:_____        TCA GLOBAL CREDIT FUND, LTD


By: _____
    Name: Bruce Wookey
    Title: Director

By: _____
    Name: Bernard Sumner
    Title: Director


Dated:_____        TCA GLOBAL CREDIT FUND, LP


By: _____
    Name: Bruce Wookey
    Title: Director

By: _____
    Name: Bernard Sumner
    Title: Director


    Bruce Wookey and Bernard Sumner declare under penalty of perjury under the laws of the United States of America that the following is true and correct: we are directors of TCA Global Credit Fund GP, Ltd., TCA Global Credit Master Fund, LP, TCA Global Credit Fund, Ltd., and TCA Global Credit Fund, LP and that we are duly authorized to execute the foregoing Consent on their behalf.

Executed on _____, 2020

                                                                       Bruce Wookey

Executed on _____, 2020

                                                                       Bernard Sumner

Approved as to form:



Carl F. Schoeppl, Esq.
Schoeppl Law, P.A.
4651 North Federal Highway
Boca Raton, FL 33431-5133
Tel: 561-394-8301
Fax: 561-394-3121
Email: carl@schoeppllaw.com

Allan M. Lerner, Esq.
Allan M. Lerner, P.A.
2888 East Oakland Park Boulevard
Fort Lauderdale, FL 33306-1814
Tel: 954-563-8111
Fax: 954-563-8522
Email: allan@lernerpa.com
*Attorneys for Defendants and Relief Defendants*