UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CIV-21964-CMA

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

TCA FUND MANAGEMENT GROUP CORP., *et al.*,

    Defendants.
_____/

**RECEIVER'S OBJECTION TO WHISTLEBLOWER'S
MOTION AND INCORPORATED MEMORANDUM OF LAW SEEKING
CLARIFICATION ON SCOPE OF BLANKET STAY AND RELIEF FROM SAME**

Jonathan E. Perlman, Esq., court-appointed Receiver (the "Receiver") of the Receivership Entities,[1] through undersigned counsel, hereby files this Objection to Whistleblower's Motion and Incorporated Memorandum of Law Seeking Clarification on Scope of Blanket Stay and Relief from the Same [ECF. No. 208] (the "Whistleblower Motion"), and states:

1. On May 11, 2020, the Securities and Exchange Commission ("SEC") filed its Complaint for Injunctive Relief against TCA Fund Management Group, Corp. ("Management Corp."), TCA Global Credit Fund GP, LTD, TCA Global Credit Fund, LP, TCA Global Credit Fund, LTD., and TCA Global Credit Master Fund, LP (collectively, "Defendants"). [ECF No. 1].

---

[1] The "Receivership Entities" means TCA Fund Management Group Corp., TCA Global Credit Fund GP, Ltd., TCA Global Credit Fund, LP, TCA Global Credit Fund, Ltd., TCA Global Credit Master Fund, LP, TCA Global Lending Corp., and their divisions, subsidiaries, affiliates, predecessors, successors, assigns, and any fictitious business entities or business names created or used by these entities, or any of them.

2.      The SEC also filed an Expedited Motion for Appointment of Receiver. [ECF No. 3]. On the same day, this Court granted the Expedited Motion for Appointment of Receiver and appointed Jonathan E. Perlman, Esq., of the law firm Genovese, Joblove & Battista, P.A. ("GJB"), as permanent Receiver over the Receivership Entities [ECF No. 5] (the "Appointment Order").

3.      Pursuant to Section VIII paragraph 26 of the Appointment Order, the following proceedings are stayed until further order of the Enforcement Court:

> "**All civil legal proceedings of any nature**, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving: (a) the Receiver, in Receiver's capacity as Receiver; (b) any Receivership Property, wherever located; (c) any of the Receivership Entities, including subsidiaries and partnerships; or**, (d) any of the Receivership Entities' past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or oth**erwise (such proceedings are herein after referred to as "Ancillary Proceedings")." *See* Receivership Order ¶ 26 (emphasis added).

4.      On February 28, 2022, Whistleblower Thomas Day ("Day") filed the Whistleblower Motion. In the Whistleblower Motion, in addition to seeking damages directly against a Receivership Entity, Day is seeking unspecified injunctive relief and reinstatement as an employee to be retained by the Receiver. To support his claim for reinstatement, Day argues that his paid employment by the Receiver will assist the Receiver in formulating a liquidation plan and administering the estate.[2]

5.      In addition, Day seeks an order tolling the statute of limitations for his alleged claims against certain Receivership Entities.

---

[2] As this Court is aware, the Receiver recently filed a motion to approve a liquidation plan which remains pending. In addition, the Receiver is currently marketing the estate's loan portfolio with a retained professional. Thus, any of the practical considerations argued by Day for reinstatement simply do not exist.

6. On March 14, 2022, the Receiver filed his unopposed motion for extension of time seeking a ten (10) day extension of time to file his response to the Whistleblower Motion, through and including March 24, 2022.[3]

7. On March 14, 2022, this court granted the motion for extension of time. Accordingly, the Receiver's deadline to respond to the Whistleblower's Motion is March 24, 2022.

## ARGUMENT AND MEMORANDUM OF LAW

Through the Whistleblower Motion, Day requests that this Court (i) toll the statute of limitations for any actions that may accrue against TCA while the stay is in place; or (ii) lift the stay so that Day may proceed with pursuing claims against TCA. These claims not only include damages directly against a Receivership Entity, and but to also force the Receiver to employ Day in a role that will provide no benefit to the Receivership Estate. For the reasons set forth below, this Court should deny the requested relief.

### A. The Court Should Not Toll the Statute of Limitations

Day requests that this Court toll the statute of limitations with respect to *any actions* that may accrue against TCA while the stay is in place. However, tolling the statute of limitations with respect to TCA and its affiliates would serve no purpose. At the core of Day's argument is that he is a creditor of TCA. Lifting the stay to allow Day, a disputed unsecured creditor of the Receivership Entities, to pursue litigation would serve no purpose but to drain resources (potentially available for distribution to investors) of the estate and provide Day an opportunity to resolve his claims and recover assets outside of the distribution plan being proposed by the

---

[3] Previously, the Receiver agreed to stay relief for a leasing company that sought to replevin leased equipment located on the premises of a non-receivership entity. Unlike the Whistleblower Motion, since the proposed stay relief did not implicate estate assets or administration of the estate, the Receiver did not contest that relief and the Court granted that motion. [ECF No. 38].

Receiver.  A result which is completely antithetical to the purpose of the stay and the distribution plan submitted by the Receiver.

    **B. Day's Claims do not appear to be covered by any insurance policy that is a part of the Receivership Estate**

In the Whistleblower Motion, Day apparently seeks stay relief for the limited purpose of determining whether his claims are covered by the Receivership Entities' insurance policies. *See* [ECF No. 209, pg. 17].  Based on the review of the insurance policies in place as of the entry of the Appointment Order, there does not appear to be any insurance policy that would provide a recovery for Day. Therefore, any efforts to take discovery regarding whether his claims would be covered by insurance would be pointless and needlessly require the estate to expend resources.

    **C. Injunction Relief Will Not Preserve TCA's Assets**

The Whistleblower Motion seeks not only monetary relief against the Receivership Entities, but also equitable relief in the form of reinstatement. Day asks this Court to compel the Receiver to employ Day to assist in the Receiver's duties. While Day, like many others, provided information to the Receiver in the past, Day's employment is not needed by the Receiver to fulfil the directives of this Court.  Further, any finding that reinstatement is appropriate, would create a claim for back pay against the Receivership Entities. *See Richardson v. Tricom Pictures & Prods., Inc.*, 334 F. Supp. 2d 1303, 1310 (S.D. Fla. 2004), *aff'd,* 183 F. App'x 872 (11th Cir. 2006).

For almost two years, the Receiver has been diligently liquidating the assets of the Receivership Entities and pursuing claims for the benefit of investors.[4] Day was the former Chief Credit Officer of Management Corp. and, his duties consisted of handling "TCA's risk related

---

[4] Day spends a lot of time in his motion focusing on the Receiver's prior use of certain former members of management and consultants. The use of these individuals was important, at the time, to help assist the Receiver to understand the business and operations and to transition operations to the Receiver.  However, that time passed 18 months ago.

policies and procedures, loan underwriting, portfolio administration, loan closings, cash disbursements, debt consolidation, working capital, loan portfolios, and ongoing transaction management." The Receiver is not issuing new loans, so underwriting services are not needed, and the loan portfolio is currently being marketed for sale, so management services would likewise be unnecessary.

### D. Factors Precluding Relief From Stay as to Day

When determining whether a stay against litigation should be lifted, courts generally consider the following factors: (1) whether refusing to lift the stay genuinely preserves the status quo or whether the moving party will suffer substantial injury if not permitted to proceed; (2) the time in the course of the receivership at which the motion for relief from the stay is made; and (3) the merit of the moving party's underlying claim. *Sec. & Exch. Comm'n v. Onix Cap., LLC*, 2017 WL 6728814, at *3 (S.D. Fla. July 24, 2017), report and recommendation adopted, No. 16-24678-CIV, 2017 WL 6728773 (S.D. Fla. Oct. 23, 2017), *citing S.E.C. v. Wencke*, 742 F.2d 1230, 1231 (9th Cir. 1984). All of these factors weigh in favor of denying the relief sought by Day.

First, the Whistleblower Motion fails to show that he will suffer any real harm. At best, Day is a creditor of the Receivership Entities that can make a claim to be treated pursuant to the Receiver's distribution plan, once approved by this Court. Permitting Day to file his complaint against a Receivership Entity will compel the Receiver to unnecessarily expend resources to defend a creditor claim where this estate is being administered for the benefit of investors. Even if Day was successful in prosecuting his claims, there is a strong possibility that he would not recover anything from the estate. As set forth in the Receiver's distribution plan for investors, this Court has the power to subordinate the claims of general creditors to the claims of defrauded investors, even if the result would be to deny general creditors any compensation at all. *See SEC v. Great*

*White Marine & Recreation, Inc.*, 428 F.3d 553, 556 (5th Cir. 2005) (holding that court did not abuse its discretion in approving receiver's plan to "grant[] priority to equity holders over creditors in distribution"); *S.E.C. v. HKW Trading LLC*, 2009 WL 2499146, at *3 (M.D. Fla. Aug. 14, 2009) ("Payment to claimants whose property was unlawfully taken from them is given a higher priority than payment to the general creditors."). Further, permitting Day to pursue the former officers and directors of the Receivership Entities will interfere with the Receiver's claims against those same individuals and dissipate potential sources of recovery for the estate.

Next, the receivership has been pending for almost two years. This receivership has been extraordinarily complex and vast. The Receiver is actively pursuing claims against multiple parties and is working towards approval of a proposed distribution plan to permit an interim distribution in excess of $55,000,000 to qualified investors. Permitting Day's complaint to move forward will cause the Receiver to further divide his attention (and divert resources) away from the distribution plan, claims, and distributions that will benefit the investors of the Receivership Entities.

Finally, Plaintiff's claims are for violation of the Dodd-Frank Act, 15 U.S.C. § 78u-6(h), and Violation of Florida Whistleblower Act. Both claims comprise of complex areas of the law, and will require significant factual discovery. Thus, it would be impossible for the Receiver to assess whether Mr. Day's claims have any merit. While this Court has discretion as to whether or not to lift the stay in federal courts, the Court must consider the impact such action would cause. The Receiver submits that the harm to the Receivership Entities and to the investors, far outweighs any perceived harm suffered by Day.[5]

---

[5] The Receiver is sensitive to Mr. Day's circumstances since he left TCA but it is unclear how lifting the stay will assist him in securing employment.

CASE NO. 20-CIV-21964-CMA

## **CONCLUSION**

Based upon the foregoing reasons, the stay should not be lifted in favor of Day and his whistleblower claims. The Court should also deny Day's request to toll the statute of limitations with respect to the claims and otherwise deny Day's motion for leave to file his complaint.

DATED: March 24, 2022.

                                                GENOVESE JOBLOVE & BATTISTA, P.A.
*Attorneys for Jonathan E. Perlman, Receiver*
100 Southeast 2nd Street, Suite 4400
Miami, Florida 33131
Telephone: (305) 349-2300
Facsimile: (305) 349-2310

By:   */s/ Eric D. Jacobs*
      Eric D. Jacobs, Esq.
      FBN 0085992
      ejacobs@gjb.law
      Elizabeth G. McIntosh, Esq.
      FBN 1011555
      emcintosh@gjb.law

CASE NO. 20-CIV-21964-CMA

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF this 24th day of March, 2022.

By: _/s/ Eric D. Jacobs_
Eric D. Jacobs, Esq.

CASE NO. 20-CIV-21964-CMA

# SERVICE LIST
*Securities and Exchange Commission v. TCA Fund Management Group Corp., et al.*
**Case No. 20-Civ-21964-CMA**

Jean-Pierre Bado, Esq
jbado@gjb-law.com
Paul Joseph Battista, Esq.
pbattista@gjb-law.com
Michael A Friedman, Esq.
mfriedman@gjb-law.com
Gregory M. Garno, Esq.
ggarno@gjb-law.com
John H. Genovese, Esq.
jgenovese@gjb-law.com
Brett M. Halsey, Esq.
bhalsey@gjb-law.com
Heather L. Harmon, Esq.
hharmon@gjb-law.com
Eric Jacobs, Esq.
ejacobs@gjb-law.com
Elizabeth G. McIntosh, Esq.
emcintosh@gjb-law.com
Jonathan Perlman, Esq.
jperlman@gjb-law.com
Genovese Joblove & Battista, P.A.
100 Southeast 2nd Street, Suite 4400
Miami, Florida 33131
*Attorneys for Jonathan E. Perlman, Receiver*

Andrew O. Schiff, Esq.
schiffa@sec.gov
Stephanie N. Moot, Esq.
moots@sec.gov
801 Brickell Avenue, Suite 1950
Miami, Florida 33131
*Attorneys for Plaintiff Securities and Exchange Commission*

James J. Webb, Esq.
jwebb@mitrani.com
Mitrani, Rynor, Adamsky & Toland, P.A.
1200 Weston Road, PH
Weston, FL 33326
*Attorneys for Interested Parties Krystal Lazares-Scaretta, Robert A. Scaretta and American Gold Rush, LLC*

Andrew Fulton , IV, Esq.
andrew@kelleylawoffice.com

Brian S. Dervishi, Esq.
bdervishi@wdpalaw.com

Craig Vincent Rasile
crasile@mwe.com

Gerald Edward Greenberg, Esq.
ggreenberg@gsgpa.com

Gregg Alan Steinman
gsteinman@sflp.law

Mark David Bloom, Esq.
mark.bloom@bakermckenzie.com

Martha Rosa Mora, Esq.
mmora@arhmf.com

Michael David Heidt, Esq.
mheidt@aol.com