# Exhibit "D"

<u>UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA</u>

# If you are an investor or otherwise hold a beneficial interest in TCA Global Credit Master Fund L.P., you may receive a payment from a class action settlement.

*A United States federal court authorized this notice. This is not a solicitation from a lawyer.*

- A Settlement will provide $26,499,125 to pay investors and others with a beneficial interest in TCA Global Credit Master Fund L.P., including investors in the TCA Global Credit Fund, L.P. and TCA Global Credit Fund, Ltd. feeder funds (referred to collectively as "the TCA Funds").

- The Settlement resolves lawsuits over whether Grant Thornton Cayman Islands and Grant Thornton Ireland (collectively "Grant Thornton") violated professional standards in its role in auditing the TCA Funds.

- The Settlement also resolves a dispute over whether TCA's Former Officers and Directors, among other things, unlawfully caused the TCA Global Credit Master Fund L.P. to inflate its net asset value ("NAV") and to improperly record fees as recoverable assets, which resulted in misleading financial statements and communications to investors.

- The Settlement avoids costs and risks to you from continuing the lawsuits; pays money to investors like you; and releases Grant Thornton and the Former Officers and Directors from liability.

- Court-appointed lawyers for investors will ask the Court for $6,220,500 from the Settlement amount as fees and expenses for investigating the facts, litigating the case, and negotiating the Settlement. Additionally, $2,400,000 of the Settlement funds will be paid to reimburse the expenses of the joint official liquidators of TCA Global Credit Fund, LP, who were appointed by the Cayman Court to help oversee the closing and liquidation of TCA Global Credit Fund, Ltd.

- The parties disagree on how much money could have been won if investors won a trial.

- Your legal rights are affected whether you act, or don't act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: ||
|---|---|
| **DO NOTHING** | Receive payment if eligible. |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Grant Thornton or the Former Officers and Directors, about the legal claims in this case. |
| **OBJECT** | Write to the Court about why you don't like the Settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the Settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after appeals are resolved. Please be patient.

**QUESTIONS?** CALL **1-833-984-1101** TOLL FREE, OR VISIT **TCAFundReceivership.com**

| WHAT THIS NOTICE CONTAINS | |
|---|---|
| **BASIC INFORMATION** ............................................................................... | **PAGE 3** |
| 1. Why did I get this notice package? | |
| 2. What is this lawsuit about? | |
| 3. Why is this a class action? | |
| 4. Why is there a Settlement? | |
| **WHO IS IN THE SETTLEMENT**..................................................................... | **PAGE 4** |
| 5. How do I know if I am part of the Settlement? | |
| 6. Are there exceptions to being included? | |
| 7. I'm still not sure if I am included. | |
| **THE SETTLEMENT BENEFITS—WHAT YOU GET**........................................... | **PAGE 5** |
| 8. What does the Settlement provide? | |
| 9. How much will my payment be? | |
| **HOW YOU GET A PAYMENT**..................... | **PAGE 5** |
| 10. How can I get a payment? | |
| 11. What am I giving up to get a payment or stay in the Settlement Class? | |
| **EXCLUDING YOURSELF FROM THE SETTLEMENT**................................. | **PAGE 6** |
| 12. How do I get out of the Settlement? | |
| 13. If I don't exclude myself, can I sue Grant Thornton or the Directors and Officers for the same thing later? | |
| 14. If I exclude myself, can I get money from this Settlement? | |
| **THE LAWYERS REPRESENTING YOU**........................................................ | **PAGE 7** |
| 15. Do I have a lawyer in the case? | |
| 16. How will the lawyers be paid? | |
| **OBJECTING TO THE SETTLEMENT**............................................................. | **PAGE 7** |
| 17. How do I tell the Court that I don't like the Settlement? | |
| 18. What's the difference between objecting and excluding? | |
| **THE COURT'S FAIRNESS HEARING**.......................................................... | **PAGE 8** |
| 19. When and where will the Court decide whether to approve the Settlement? | |
| 20. Do I have to come to the hearing? | |
| 21. May I speak at the hearing? | |
| **IF YOU DO NOTHING**................................................................................ | **PAGE 9** |
| 22. What happens if I do nothing at all? | |
| **GETTING MORE INFORMATION**................................................................ | **PAGE 9** |
| 23. Are there more details about the Settlement? | |
| 24. How do I get more information? | |

# BASIC INFORMATION

### 1. Why did I get this notice package?

You or someone in your family may have held a beneficial interest in or invested in TCA Global Credit Master Fund L.P., which includes investors in the TCA Global Credit Fund, L.P. and TCA Global Credit Fund, Ltd. feeder funds (the "TCA Funds").

The Court sent you this notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement. If the Court approves it and after objections and appeals are resolved, Jonathan E. Perlman, the court-appointed Receiver over TCA Fund Management Group Corp., TCA Global Credit Fund GP, Ltd., TCA Global Credit Fund, LP, TCA Global Credit Fund, Ltd., TCA Global Credit Master Fund, TCA Global Lending Corp. in the SEC Action (*SEC v. TCA Fund Management Group Corp. etc.*, Case No. 1:20-cv-21964-CMA (S.D. Fla.)), will make distributions as authorized by the Court in the SEC Action and this Court.

This package explains the lawsuits, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the class action is the United States District Court for the Southern District of Florida, and the case is known as *Todd Benjamin International, Ltd. et al. v. Grant Thornton Cayman Islands, et al.*, Case No. 1:20-cv-21808-RNS. The people who sued are called Plaintiffs, and the company and the person they sued, Grant Thornton Cayman Islands and Grant Thornton Ireland, are called the Defendants.

### 2. What is this lawsuit about?

The lawsuit claimed that Grant Thornton Cayman Islands and Grant Thornton Ireland violated professional standards in their role as auditor of the TCA Funds. The lawsuit claimed that Grant Thornton knew that TCA's management had been overstating the value of the TCA Funds' assets through its role as the Funds' auditor for the 2017 and 2018 years. The lawsuit further claimed that, despite this knowledge, Grant Thornton downplayed the TCA Funds' financial issues in its audit opinions and misled investors about the financial state of the TCA Funds. Grant Thornton denies these allegations. Grant Thornton contends it properly issued qualified audit opinions in which it expressed no opinion on the value of certain assets and raised specific issues relating to the TCA Funds' accounting practices in relation to these assets. Grant Thornton contends its qualified audit opinions highlighted information the investors claim was concealed from them.

In a separate lawsuit, Jonathan E. Perlman, court-appointed Receiver over TCA Fund Management Group Corp., TCA Global Credit Fund GP, Ltd., TCA Global Credit Fund, LP, TCA Global Credit Fund, Ltd., TCA Global Credit Master Fund, TCA Global Lending Corp., also sued Grant Thornton claiming it violated professional auditing standards and knew that TCA had been overstating TCA Funds' asset values. (*Perlman v. Grant Thornton Cayman Islands, et al.*, Case No. 1:24-cv-20188-KMM (S.D. Fla.)). Grant Thornton denies wrongdoing in connection with that lawsuit too. This lawsuit is also being resolved as part of this Settlement.

Both the Plaintiffs and the Receiver also sent demands to TCA's Former Officers and Directors,

asserting that they knowingly inflated the TCA Funds' NAV and misled investors. The Former Officers and Directors deny they did anything wrong. The claims against the Former Officers and Directors are being settled as part of this Settlement too.

### 3. Why is this a class action?

In a class action, one or more people called Class Representatives (in this case Todd Benjamin International, Ltd., Todd Benjamin, Zbynek Dvorak, and Fawzi Bawab), sue on behalf of people who have similar claims. All these people are a class or class members. One court resolves the issues for all members of the Settlement Class, except for those who exclude themselves from the Settlement Class.

U.S. District Judge Robert N. Scola, Jr. is in charge of this class action.

### 4. Why is there a Settlement?

The Court did not decide in favor of Plaintiffs or Grant Thornton or the Former Officers and Directors. Instead, the Parties agreed to a settlement. That way, they avoid the cost of a trial, and the people affected may receive compensation. The Class Representative Plaintiffs and the attorneys think the Settlement is best for the Settlement Class.

## WHO IS IN THE SETTLEMENT

### 5. How do I know if I am part of the Settlement?

Judge Scola decided that everyone who fits this description is a member of the Settlement Class: All persons (excluding profiteers or investors who received back more than their principal investment and investors who opt out of the Settlement) with a beneficial interest in or who invested in TCA Global Credit Master Fund L.P., including all investors in the TCA Global Credit Fund, L.P. and TCA Global Credit Fund, Ltd. feeder funds.

### 6. Are there exceptions to being included?

You are not a member of the Settlement Class if you are a profiteer or received back more money than your principal investment in TCA Global Credit Fund, L.P. or TCA Global Credit Fund, Ltd. Grant Thornton and its parents, affiliates, subsidiaries, legal representatives, predecessors, successors, assigns, and employees; the Former Officers and Directors; and any judge to whom this case is assigned, his or her spouse, and all persons within the third degree of relationship to either of them, as well as the spouses of such persons are also excluded from the Settlement Class

### 7. I'm still not sure if I am included.

If you are still not sure whether you are included, you can ask for free help. You can call 1-833-984-1101, visit www.TCAFundReceivership.com, or contact the Receiver at CIMonzon@venable.com for more information.

-4-

## THE SETTLEMENT BENEFITS—WHAT YOU GET

**8. What does the Settlement provide, and how much will my payment be?**

Grant Thornton and the Former Officers and Directors have agreed to pay a combined total of $26,499,125 to resolve the litigation. (Grant Thornton's contribution is $23,050,000, while the Former Officers and Directors' contribution is $3,449,125)

The Settlement fund will be distributed by the Receiver consistent with the Receiver's Court-approved distribution plan. The Receiver will distribute the funds using a *pro rata*, rising tide distribution framework. Each investor's loss is calculated *pro rata*, meaning that the Receiver considers the investor's total investment minus any payment the investor received back during the life of the investment. A rising tide method means that the distribution will bring each investor's loss up to a certain percentage. The Court overseeing the Receiver (in *SEC v. TCA Fund Management Group Corp.*, Case No. 1:20-cv-21964-CMA (S.D. Fla.)) has approved this plan.

Also to be paid out of the Settlement fund are attorneys' fees and cost reimbursements. The attorneys representing the Class ("Class Counsel") will ask the Court to award attorneys' fees in the amount of $6,220,500 (which is less than 24% of the total Settlement value). The attorneys representing the Receiver will not be seeking an additional payment of attorneys' fees and will instead share in the attorneys' fees awarded to Class Counsel. Both Class Counsel and counsel for the Receiver will also seek reimbursement of their litigation expenses, not to exceed $175,000. In addition, the Settlement will resolve claims involving Grant Thornton and the joint official liquidators of TCA Global Credit Fund, LP (the, "JOLs"). The JOLs were appointed by the Cayman Court to help oversee the closing and liquidation of TCA Global Credit Fund, Ltd. The Settlement contemplates that $2,400,000 of the Settlement funds will be paid to the JOLs to reimburse the JOLs' expenses.

## HOW YOU GET A PAYMENT

**9. How can I get a payment?**

If you are a member of the Settlement Class and do not opt-out of the Settlement, you will receive a distribution if eligible. The Receiver will need your cooperation to send you your payment, including that you fill out and sign a court-approved form listing your investment, contact and bank wire information, and a release specific to the distribution, and that you provide a certified copy of a government-issued identification and such other document(s) as may be required by know-your-customer or anti-money-laundering regulations.

If you are not sure whether the Receiver already knows your identity and contact information, you can provide that information to the Receiver at [www.TCAFundReceivership.com](www.TCAFundReceivership.com).

**10. When would I get my payment?**

The Court will hold a hearing to decide whether to approve the Settlement. If Judge Scola approves the Settlement after that, there may be appeals. It's always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Please be patient.

In addition, the Settlement requires the approval of additional courts. The Receiver will also seek approval of the Settlement in the SEC Action (*SEC v. TCA Fund Management Group Corp.*, Case No. 1:20-cv-21964-CMA (S.D. Fla.)), and the JOLs will seek approval of the Settlement before the Cayman Court.

Because of the uncertainty in timing as to when these approvals occur, Judge Scola has not yet scheduled the hearing for approving this Settlement. Once the other courts have provided their approvals, a hearing date will be set and will be posted at www.TCAFundReceivership.com. The hearing date will be posted no later than 30 days before the scheduled hearing.

### 11. What am I giving up to get a payment or stay in the Settlement Class?

Unless you exclude yourself, you are staying in the class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Grant Thornton or the Former Officers and Directors about the legal issues in *this* case. It also means that all of the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this Settlement, but you want to keep the right to sue or continue to sue Grant Thornton or the Former Officers and Directors, on your own, about the legal issues in this case, then you must take steps to get out. This is called excluding yourself—or is sometimes referred to as opting out of the Settlement Class.

### 12. How do I get out of the Settlement?

To exclude yourself from the Settlement, you must send a letter by mail saying that you want to be excluded from *Todd Benjamin International, Ltd. et al. v. Grant Thornton Cayman Islands, et al.*, Case No. 1:20-cv-21808-RNS. In your letter, you must include your name, address, email address, telephone number, and your signature. You must mail your exclusion request postmarked no later than **[DATE]** to:

> Grant Thornton TCA Settlement
> c/o Catherine Monzon
> 801 Brickell Ave, Suite 1500
> Miami, FL, 33131

If you ask to be excluded, you will not get any Settlement payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Grant Thornton or the Former Officers and Directors in the future.

### 13. If I don't exclude myself, can I sue Grant Thornton or the Former Officers and Directors for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Grant Thornton or the Former Officers and Directors for the claims that this Settlement resolves. If you have a pending lawsuit, speak to your

lawyer in that case immediately. You must exclude yourself from *this* Class to continue your own lawsuit. Remember, the exclusion deadline is **[DATE]**.

### 14. If I exclude myself, can I get money from this Settlement?

No. If you exclude yourself, you will not receive any money from this Settlement. But, you may sue, continue to sue, or be part of a different lawsuit against Grant Thornton or the Former Officers and Directors.

## THE LAWYERS REPRESENTING YOU

### 15. Do I have a lawyer in this case?

The Court asked the law firms of Gibbs Law Group LLP, Levine Kellogg Lehman Schneider + Grossman LLP, Silver Law Group, and Weinberg Wheeler Hudgins Gunn & Dial LLC to represent you and other members of the Settlement Class. These lawyers are called Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 16. How will the lawyers be paid?

Class counsel will ask the Court to approve payment of up to $6,220,500 to them for attorneys' fees (which is less than 24% of the total Settlement value). They will also seek up to $175,000 as reimbursement of litigation expenses. The attorneys' fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating the Settlement. These fees will also be used to compensate counsel for the Receiver. The Court may award less than these amounts. These amounts will reduce the $26,499,125 available for members of the Settlement Class. Grant Thornton and the Former Officers and Directors have agreed not to oppose these fees and expenses. The Receiver will also pay the costs to administer the Settlement.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the Settlement or some part of it.

### 17. How do I tell the Court that I don't like the Settlement?

If you're a member of the Settlement Class, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to *Todd Benjamin International, Ltd. et al. v. Grant Thornton Cayman Islands, et al.*, Case No. 1:20-cv-21808-RNS. To be considered by the Court, an objection must include:

- Your full name, signature, address, email address, and telephone number;
- An explanation of the basis upon which you claim to be a member of the Settlement Class;
- The name of your counsel (if any), including any former or current counsel who may seek compensation for any reason related to your objection;
- All agreements that relate to the objection between you or your counsel and any other person or entity;

- The number of times you or your counsel (if any) have objected to a class action settlement in the last 5 years;
- The case name and civil action number of any other objections your counsel (if any) has made in other class action cases in the last 5 years;
- Whether you intend to appear at the Final Approval Hearing on your own behalf or through counsel; and
- Any persons who will be called to testify in support of your objection at the Final Approval Hearing.

To be valid, your objection must be mailed, postmarked no later than **[DATE]**, to the following address:

Clerk of the Court
United States District Court for the Southern District of Florida
400 North Miami Avenue,
Miami, FL 33128

### 18. What's the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you don't have to.

### 19. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Fairness Hearing at a day and time to be set once the other courts have already given their approval to this Settlement; once the Fairness Hearing is scheduled, the date and time will be posted at www.TCAFundReceivership.com. The date and time will be posted there at least 30 days before the date of the hearing. The hearing will take place at the United States District Court for the Southern District of Florida, 400 North Miami Avenue, Miami, FL 33128 in Room 12-3. At this hearing the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Scola may listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

### 20. Do I have to come to the hearing?

No. Class Counsel will answer questions Judge Scola may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

| 21. May I speak at the hearing? |
|---|

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Todd Benjamin International, Ltd. et al. v. Grant Thornton Cayman Islands, et al.*, Case No. 1:20-cv-21808-RNS." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than **[DATE],** and be sent to the Clerk of the Court at the address in question 17. You cannot speak at the hearing if you excluded yourself.

## IF YOU DO NOTHING

| 22. What happens if I do nothing at all? |
|---|

If you do nothing and you are a member of the Settlement Class, you will remain eligible to receive a payment from this Settlement, and you won't have the right, if any, to separately sue Grant Thornton or the Former Officers and Directors at your own expense for the conduct or violations related to this case.

## GETTING MORE INFORMATION

| 23. Are there more details about the Settlement? |
|---|

This notice summarizes the proposed Settlement. More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement by writing to Grant Thornton TCA Settlement c/o Catherine Monzon, Venable LLP, 801 Brickell Ave, Suite 1500, Miami, FL, 33131, emailing CIMonzon@venable.com, or by visiting www.TCAFundReceivership.com.

| 24. How do I get more information? |
|---|

You can call 1-833-984-1101, toll free; write to Grant Thornton TCA Settlement c/o Catherine Monzon, 801 Brickell Ave, Suite 1500, Miami, FL 33131, email CIMonzon@venable.com, or visit the website at www.TCAFundReceivership.com, where you will find answers to common questions about the Settlement, a claim form, plus other information to help you determine whether you are a member of the Settlement Class and whether you are eligible for a payment.